**Michell Graves WARREN, Appellant**

v.

**Michael O. LEAVITT, Secretary, U.S. Department of Health and Human Services, Appellee.**

**No. 04–5413.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 4, 2008.

Rehearing En Banc Denied April 11, 2008.

John F. Karl, Jr., Karl & Tarone, Washington, DC, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Michael Joseph Ryan, Assistant U.S. Attorney, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: ROGERS and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(b). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

In order to raise a claim under Title VII, a plaintiff must exhaust her administrative remedies by contacting an equal employment opportunity (EEO) counselor within 45 days of the alleged Title VII violation. 29 C.F.R. § 1614.105(a)(1). The plaintiff did not contact an EEO counselor regarding the allegations set forth in her complaint until February 15, 2000; she contacted the counselor again on March 21, 2000. Accordingly, the magistrate judge properly dismissed the plaintiff's claims arising from events prior to January 1, 2000, for failure to exhaust her administrative remedies. The plaintiff's contention that the dismissed claims were "like or related to" claims that she raised with her EEO counselor in August and

September 1999 is not supported by the record.

The plaintiff also failed to exhaust her claims involving her September 1999 relocation. Relying on the plaintiff's statement in her complaint that the relocation took place in April 2000, the magistrate judge reached the merits of the defendant's motion for summary judgment instead of resolving the issue on exhaustion grounds. *See Warren v. Thompson,* Civ. No. 00–944, Mem. Op. at 4 (D.D.C. Jan. 31, 2003). The plaintiff's other pleadings, however, indicated that the relocation in fact took place in September 1999, and she conceded that to be the case on appeal. Appellant's Br. 5; Oral Arg. Recording 14:25–30. Because these claims are therefore barred for failure to exhaust, we do not decide whether the relocation was an adverse action within the meaning of Title VII.

The magistrate judge's decision to grant the defendant's motion for judgment as a matter of law on the plaintiff's claims regarding her March 14, 2000 suspension was also proper. As the magistrate judge concluded, the plaintiff failed to produce any evidence from which a reasonable jury could conclude that the official who actually made the decision to suspend the plaintiff was influenced by the alleged discriminatory or retaliatory animus of the plaintiff's first-line supervisor. *See Hall v. Giant Food, Inc.,* 175 F.3d 1074, 1079–80 (D.C.Cir.1999); *Griffin v. Washington Convention Ctr.,* 142 F.3d 1308, 1312 (D.C.Cir.1998). Additionally, because the plaintiff's evidence does not support an inference of improper influence, any error in excluding evidence of the first-line supervisor's past acts of discrimination and retaliation was harmless. *See Ashcraft & Gerel v. Coady,* 244 F.3d 948, 952 (D.C.Cir.2001); *Griffin,* 142 F.3d at 1312. Finally, the magistrate judge did not commit error in admitting the FDA's independent investigative report for the purpose of establishing the basis of its decision to suspend the plaintiff.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).